23-6203-cr
United States v. Oladimeji

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-four.

PRESENT:  JON O. NEWMAN,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                          No. 23-6203-cr

SAMUEL OLANIYI OLADIMEJI,
AKA SEALED DEFENDANT 1,

    *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                    DANIEL MATTHEW PEREZ, Law
                                  Offices of Daniel M. Perez,
                                  Newton, NJ

FOR APPELLEE:                     CAMILLE L. FLETCHER,
                                  Assistant United States
                                  Attorney (Danielle R. Sassoon,
                                  Assistant United States
                                  Attorney, *on the brief*), *for*
                                  Damian Williams, United
                                  States Attorney for the
                                  Southern District of New York,
                                  New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

Defendant-Appellant Samuel Olaniyi Oladimeji appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) convicting him, after a jury trial, of wire fraud in violation of 18 U.S.C. § 1343.  On appeal, Oladimeji argues that his sentence of 32 months' imprisonment is substantively unreasonable.  He also seeks to correct a

discrepancy between the amount of restitution ordered at sentencing and the amount listed in the written order of restitution and judgment of conviction. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand for further proceedings.

## I. Sentence

Oladimeji disagrees with the District Court's weighing of the factors under 18 U.S.C. § 3553(a), claiming that his sentence is too high principally because he was "a first-time offender" with sympathetic personal circumstances convicted of a "garden variety fraud case." Appellant's Br. 20. We are not persuaded. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). At sentencing, the District Court described the online fraud for which Oladimeji was convicted as "a sophisticated form of thievery" that undermined the "rules for commerce." App'x 36. The District Court explained that the sentence was necessary to incapacitate Oladimeji, deter others from committing similar crimes, and reflect the gravity of the offense. And the District Court ultimately imposed

3

a sentence that fell below the applicable Sentencing Guidelines range of 37 to 46 months.

We therefore conclude that the District Court adequately explained "its sentence in light of the factors contained in 18 U.S.C. § 3553(a)," *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015) (quotation marks omitted), and did not abuse its discretion in imposing a below-Guidelines sentence.  For these reasons, we reject Oladimeji's argument that his sentence is substantively reasonable.

Oladimeji also argues that he is entitled to be resentenced because the District Court impermissibly based its sentence on his nationality and immigration status.  *See United States v. Kaba*, 480 F.3d 152, 156 (2d Cir. 2007).  We disagree.  In commenting on his marital and immigration status, the District Court was concerned with how to "promote visitation" from Oladimeji's family. App'x 41.  It likewise asked about the necessity of supervised release because Oladimeji faced potential removal from the United States.  Finally, although we acknowledge that the Supreme Court has (and we have) shifted away from the word "alien" in favor of "noncitizen," *see, e.g.*, *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020), we see no indication that the District Court's use of the term "alien" at sentencing impugned its impartiality, implied anti-immigrant animus, or

4

undermined the "appearance of justice." *Kaba*, 480 F.3d at 156 (quotation marks omitted). We therefore reject Oladimeji's argument that he should be resentenced for these reasons.

## II. Restitution

At sentencing, the District Court orally ordered Oladimeji to pay restitution in the amount of $404,304.02. But the written order of restitution and judgment of conviction both state the total amount to be $407,279.12. Both Oladimeji and the Government agree that the terms pronounced orally at the sentencing hearing control. *See United States v. Carr*, 557 F.3d 93, 109 (2d Cir. 2009). We thus vacate the District Court's written order of restitution and judgment of conviction as to the amount of restitution and remand for entry of an amended order and judgment reflecting the amount of restitution orally imposed.

We have considered Oladimeji's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5